# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| USI Insurance Services LLC, | )<br>)<br>) **SUPPLEMENTAL ORDER RE:**<br>Plaintiff, ) **ORDER ON MOTION TO COMPEL**<br>)<br>vs. )<br>)<br>Lesley Bentz, et al., )<br>) Case No.: 1:18-cv-255<br>Defendants. ) |

On December 29, 2020, the Court issued an Order granting a Motion to Compel filed by Plaintiff USI Insurance Services LLC ("USI"). (Doc. No. 174). In that Order, the Court directed Defendants Lesley Bentz, Ashley Farthing, Daniel Werner, Martin Fisher, Martin Fisher ("Departing Defendants) and Choice Financial Group ("Choice") to submit certain documents described in their privilege log for in camera review in order to evaluate their claims of privilege. These documents were duly submitted and the undersigned has evaluated whether they should be shielded from production on the basis of either attorney-client privilege or work-product protection.

## I.   GENERAL BACKGROUND

The underlying litigation stems from the departure of several individuals from USI in order to work for Defendant Choice Financial Group ("Choice"). See Doc. No. 102. USI brought suit against its former employees and/or independent contractors Lesley Bentz, Ashley Farthing, Daniel Werner, Martin Fisher, and Martin Fisher ("Departing Defendants") as well as Choice itself. See id. USI's allegations include breach of duty of loyalty, breach of contract, and unlawful interference with business, among other counts. See id. Defendants filed a counterclaim

1

alleging breach of contract and statutory employer duties, violations of the Unfair Insurance Practices Act, and defamation, among other claims. See Doc. No. 167.

**II.    GOVERNING LAW**

Looking to the privilege log entries now before the Court, Defendants cite both the doctrines of attorney-client privilege and work product to shield these documents from discovery.

**A.    Work Product.**

The work product doctrine was established by the United States Supreme Court in Hickman v. Taylor to protect against "unwarranted inquiries into the files and mental impressions of an attorney." Simon v. G.D. Searle & Co., 816 F.2d 397, 400 (8th Cir. 1987), quoting Hickman, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Claims of work product with relation to documents are now governed by Federal Rule of Civil Procedure 26(b)(3)(A), which states:

> *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> **(i)** they are otherwise discoverable under Rule 26(b)(1); and
>
> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

Rule 26 further specifies that if the Court orders discovery of work product, it "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney." Id.

A party seeking protection under the work product doctrine has the burden to prove the basis for that protection. Nodak Mut. Ins. Co, 2015 WL 11438181, at *5, citing Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985) and In re Zurn Pex Plumbing Prods. Liab. Litig., 2009 WL 1178588, at *1 (D. Minn. May 1, 2009).

### B. Attorney-Client Privilege.

Unlike claims of work product, which are governed by federal law, claims of attorney-client privilege in diversity cases such as these are governed by state law. See Baker v. General Motors Corp. (In re General Motors Corp.), 209 F.3d 1051, 1053 (8th Cir. 2000) ("In this diversity case, we apply federal law to resolve work product claims and state law to resolve attorney-client privilege claims"); see also Fed. R. Evid. 501.

As such, attorney-client privilege is governed by North Dakota Rule of Evidence 502. Rule 502 reads in part:

> (b) General Rule of Privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client:
>
> (1) between the client or a representative of the client and the client's lawyer or a representative of the lawyer,
>
> (2) between the lawyer and a representative of the lawyer,
>
> (3) by the client or a representative of the client or the client's lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein,
>
> (4) between representatives of the client or between the client and a representative of the client, or
>
> (5) among lawyers and their representatives representing the same client.

As with work product, a party seeking protection under the attorney-client privilege has the burden to prove the basis for that protection. Nodak Mut. Ins. Co., 2015 WL 11438181, at *5, citing Hollins v. Powell, 773 F.2d at 196, In re Zurn Pex Plumbing Prods. Liab. Litig., 2009 WL 1178588, at *1.

## III.  ANALYSIS

Both Departing Defendants and Choice submitted documents for in-camera review. Those submitted by Departing Defendants are discussed first.

### A.  Texts between Martin Fisher and Mike Boub (DEF-055, DEF-057, DEF-058)

These three Bates-stamped documents consist of two text messages chains. DEF-055 constitutes one chain. DEF-057 and DEF-058 together constitute a second. They were provided with redactions in Departing Defendants' production. See Doc. No. 116-3. According to Departing Defendants' privilege log, these redactions are made due to attorney-client privilege and work product. The privilege log reads:

| DOCUMENT | DESCRIPTION | GROUNDS FOR PRIVILEGE |
|---|---|---|
| DEF-0055 | Text message dated November 29, 2018 from Mike Boub to Martin Fisher | Attorney/client privileged communications; and attorney work product |
| DEF-0057 | Text message dated November 29, 2018 from Martin Fisher to Mike Boub | Attorney/client privileged communications; and attorney work product |
| DEF-0058 | Text message dated November 29, 2018 from Martin Fisher to Mike Boub | Attorney/client privileged communications; and attorney work product |

See Doc. No. 112-23.

In its memorandum supporting its Motion to Compel, USI objects to the exclusion of the messages on these grounds, arguing that the logs do not support the application of either exception to production. They write:

4

> No attorney is included in the text string, and the log does not identify an attorney. Even if the texts mention an attorney or an attorney communication, they are not automatically privileged. The texts were exchanged before Martin Fisher terminated his contract with USI and entered into a consulting contract with Choice. At that time, there was no threatened or pending litigation, Mr. Fisher would not have been a client of any attorney representing Choice, and Choice would not have been a client of any attorney representing Mr. Fisher. Any disclosure by Mr. Fisher to Mr. Boub as to what Mr. Fisher's attorney told Mr. Fisher or any disclosure by Mr. Boub to Mr. Fisher as to what Choice's attorney told Choice would not be privileged.

Doc. No. 111, p. 13.

In their response to USI's motion, Defendants do not appear to respond specifically on the matter of exhibits DEF-055, DEF-057, and DEF-058, although they make general arguments about the importance of attorney-client privilege and work product protection.

    1.    **Text Messages DEF-055**

This text chain consists of messages between Mike Boub, an employee of Defendant Choice, and Martin Fisher, one of the Departing Defendants. A single message, sent from Boub to Fisher, was redacted in Departing Defendants' production. It is dated November 29, 2018, the day before Departing Defendants' resignation from USI to join Choice.

Defendants describe this message as "attorney work product" in their privilege log. However, the message was clearly not sent by an attorney, as the phrase seems to imply. Of course, work product need not be prepared by an attorney; putting aside their specific phrasing; Defendants are presumably arguing that this text message is a "relevant document. . . prepared in anticipation of litigation." Yet it is unclear how this can be so. While this message alludes broadly to the existence of an attorney, mere *reference* to an attorney is insufficient to transform this text message, itself, into a document prepared in anticipation of litigation. Defendants have

5

failed to show that this text message is "attorney work product" or indeed any work product at all.

As for attorney-client privilege, Defendants fail to meet the requirements of the doctrine in several ways.

First, there is the problem of establishing "the client." As "client" is defined in Rule 502, it means, "a person . . . for whom a lawyer renders professional legal services or who consults a lawyer. . ." N.D.R. Ev. 502(a)(1). Nothing in the redacted message implies that Boub or Fisher are consulting or working with lawyers. Even without this issue, looking to the contents of the text message, it does not appear that either Fisher or Boub are "facilitating the rendition of professional legal services" by sending or receiving it.

In conclusion, based on the statutory definition of attorney-client privilege, Defendants have not carried their burden to justify their use of the doctrine to shield disclosure of this text message. And as stated above, the message is not work product. Accordingly, the Court orders that **DEF-055** be produced.

### 2. Text Messages DEF-057-058

This text chain, as submitted as part of Defendant's document production, consists of text messages between Mike Boub (the Choice employee referenced above), Jared Fisher, and Martin Fisher[1] (the latter two being Departing Defendants). Defendants' production of these two pages also redacts a single text message, sent from Martin Fisher to Mike Boub and Jared Fisher.

---

[1] While the privilege log describes this message as one "from Martin Fisher to Mike Boub," it is clear from the names appended to the individual messages that Jared Fisher is also included in the text chain and has also received the message.

Examining the text message, it does not qualify as "attorney work product" for similar reasons as outlined for **DEF-055**. It cannot fairly be construed as a document prepared in anticipation of litigation.

As regards attorney-client privilege, the call is closer than with the previous message. The phrasing here implies that some of the individuals included on the chain are properly designated a "client" and/or a "representative of a client" as defined in Rule 502(a). And according to the text of Rule 502(b)(4), qualifying communications between clients and representatives thereof are privileged, even when no attorney is a party to the communication. While it is a near question, the undersigned finds that the substance of the message qualifies as a confidential communication made to facilitate the rendition of legal services. As such, the Court orders that **DEF-057-058** be withheld from production.

### B. CHOICE DOCUMENTS

The next set of documents was logged by defendant Choice in its privilege log as reflected below:

| CHOICE-001060-001066; 031742-031744; | Emails dated 11/21/18, 11/29/18, and 12/2/18 between Mike Boub, Dan Werner, Martin Fisher, Jared Fisher and Chuck Klabo re: defense of lawsuit claims by USI based on attorney communications (includes emails with John Reichert, and others at Reichert law) | Attorney-client privileged communications; Prepared in anticipation of litigation |
|---|---|---|

Upon examination, these documents fall within the scope of attorney-client privilege as defined in North Dakota Rule of Evidence 502. They are also likely work product under Federal Rule of Civil Procedure 26(b)(3)(A). As such, they need not be produced.

## IV.     CONCLUSION

Defendants shall produce the documents as outlined in this order within 14 days, unless within that time period Defendants have sought review from the presiding judge; in such an event, the order will be stayed pending resolution of that appeal.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2021.

> /s/ Clare R. Hochhalter
> Clare R. Hochhalter
> United States Magistrate Judge